UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH A. REESE, <br> Plaintiff, | Case No. 1:23-cv-56 <br> Black, J. <br> Litkovitz, M.J. |
| vs. | |
| DENIS MCDONOUGH, et al., <br> Defendants. | REPORT AND <br> RECOMMENDATION |

On March 17, 2023, plaintiff initiated this civil action by paying the filing fee within the time set forth by the Court in its February 22, 2023 Order. (Docs. 9, 10). Because plaintiff paid the $402.00 filing fee in this case, she is responsible for service of process (i.e., service of the complaint and attachments to the complaint and (1) a summons form or (2) Notice of a Lawsuit and Request to Waive Service of a Summons form) on each defendant in this case in accordance with Federal Rule of Civil Procedure 4.[1] As of this date, there is no indication on the docket of the Court that any of the defendants have been served with process in this case.

Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994). *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as

follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

On June 16, 2023, the Court ordered plaintiff to show cause why, in writing, within twenty days, why the complaint should not be dismissed for lack of service upon the defendants. (Doc. 11).  To date, more than twenty days later, plaintiff has failed to respond to the show cause order.  Because plaintiff has not shown good cause for her failure to serve defendants, the Court should not extend the time for service.

Accordingly, it is therefore **RECOMMENDED** that this case be **DISMISSED without prejudice** for failure of service.

Date: 7/26/2023

Karen L. Litkovitz
United States Magistrate Judge

---

[1] As plaintiff is suing an agency of the United States, she must make service on the General Counsel of the Department of Veterans Affairs, the United States Attorney for the Southern District of Ohio, and the United States Attorney General.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELIZABETH A. REESE,　　　　　　　　　　　Case No. 1:23-cv-56
　　　Plaintiff,　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

DENIS MCDONOUGH, et al.,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).